And the last case that's being argued today is Walters et al, versus Long Island Power Authority et al. All right, so we have Ms. Walters, who is reserved two minutes for rebuttal, and we did receive the letter indicating that the appellees want to reallocate the oral argument time, so there will be four minutes for the state appellees, two minutes for counsel for WIPA. All right, so we'll hear from Ms. Walters. Ms. Walters, just before you get started, there was a lot of back and forth about who the appeal is against and who it is not against, so let me make sure I understand this correctly. As to Boehm, the New York State Power Authority of the State of New York, and the New York State Energy Research and Development Authority, the plaintiffs are not pursuing the dismissals with respect to those defendants on appeal. Is that accurate? That's true with respect to Boehm. We feel that we never appealed NIPA, so we feel that they should just be terminated instead of dismissed. Same thing with NYSERDA. Okay, great. All right, thank you. Go ahead. Good morning. May it please the Court, I'm Alina Walters, appellant for self. The central inquiry under court versus ash is discerning congressional intent. In 1964, then President JFK, who originally proposed the LWCFA, wrote in a letter to LBJ, then Senate President, and others, that the purpose of the act is to, quote, that 54 U.S.C. 203.05.F.3 is the cornerstone of the LWCFA. This section imposes deed restrictions, prohibiting conversions of such LWCF-improved property, and conversion can only occur under very narrow circumstances, only if approved by the Secretary of MPS under her delegation. The conversion application process is important. This process assures that requests- Can I ask a question about the deed restriction? Sure. So the deed restriction arose on the basis of this federal funding law. Is the deed restriction, though I assume that's a state law deed, right? No, the deed restriction is in the federal law. No, I understand that the reason why there's a deed restriction is because the federal law compels it, but you have a deed. Mm-hmm. And if there's a deed restriction that somebody violates, isn't that something that's subject to adjudication as a state law claim, wholly independent of where the restriction came from? In other words, do you- No, this is a due process issue, Your Honor. They're depriving us of property without using the process of conversion that's outlined in the LWC- I guess I'm asking a slightly different question, which is whether even if you didn't, for some reason, have the ability to pursue a private cause of action under the LWCFA, wouldn't you still be able to bring a state law claim for violation of the deed restriction if, in fact, you can establish standing for your clients? Yes. We have a parkland alienation claim going on in C Court, but I would like to get to the really important part, which is showing that this law intends that we are the beneficiaries because they've denied that. The conversion application process assures that requests for prohibited convergence of irreplaceable land will be rejected, and if replacement land exists for the same users, that is of equivalent usefulness and location. It assures that new property rights to that land be created. So, of course, we're members of the special class. We know that because the requirement for conversion is that the substitute property be of, quote, reasonably equivalent usefulness and location. Replacement land has to be usable by us. It has to be accessible to us. That's not in the deed, okay? So not just users of any land anywhere, not generally everyone, but the users of the specific parcel that the grantee has designs on for non-recreational use are the beneficiaries. Ms. Walters, the center has been built, so why isn't this case moot? What's your relief would be? Take down the center? There's an ongoing license to operate this. This is an ongoing harm because they're promoting energy center- Why an exact ongoing harm here? We did that in the brief. They're holding business exposed to- You're harmed in what way? We're harmed because we cannot access the beach because the building has been removed. It closes at 4 o'clock. You can't use the showers. People are peeing in the bushes. You have to walk an extra, you know, 1,100 feet to get to the restroom and then walk back. You could barely use the property if you don't have an extra 45 minutes. Old people don't use it anymore. It's serious. And this is a very special place. So this differs. The LWCFA differs from this. It's a special place and it's been blighted by this building, but apart from that, now you have a building and you're saying there's an 11- I want to know concretely what the harm is. 1,100 feet for- Concretely, they removed all the sections of the parking field that are nearest to the ocean path that leads to the ocean beach. They removed them. So, you know, the people have to park on one side, walk all the way to the other side. There's a perplexing maze of fencing everywhere. It's unusable. So you want the center taken down, right? Isn't that what it is? The building doesn't need to be taken down. It needs to be repurposed to recreational support of recreation so that the law can be complied with. Section 10 of the River and Harbors Act, cited in California v. Sierra Club by LIPA, has no remedy or process at all. The LWCFA has remedy and process. That process was flouted. And to bring this into compliance, LIPA needs to leave. The court needs to exercise its ability to cancel the lease for LIPA to be operating an energy center from a park. And I have also, I wanted to say briefly about how the district court failed to recognize the presumption of judicial liability in state court of state agency action when it involves compliance with federal law. They tested for expressions of a private right of action in the statute under which the agency decision was or was required to have been made rather than applying the zone of interest test. So they're turning everything on its head. The district court and appellees use exceptions to the rule of judicial reviewability and represent that those exceptions demonstrate that a private right of action is generally needed to be found expressed in the statute under which the agency action was or was required to have been taken. They cite George v. Bloomberg, New Jersey EPE, and Coastal Habitat Alliance. The statutes at issue in these cases have expressions of intent to preclude or limit review. Those in our case, NEPA, CZMA, and the implementing regulations do not. All right, thank you, Ms. Walter. Do you have two minutes in rebuttal? Okay. Okay, I think we're going to hear now from the state appellees. Ms. Greenwald. Good morning, and may it please the court. Blair Greenwald on behalf of the state. This court should dismiss the appeal as moot, or if the court finds that the case is not moot, it should affirm the judgment below. As to mootness, it's undisputed that the project has been completed and the area is open to the public. What happened after the complaint was filed? Was there a preliminary injunction motion? No, Your Honor. So the complaint was filed in June of 2019 as an appellant's state that construction did not begin until August of 2019. But there was never any motion for a preliminary injunction or a temporary restraining order. And as appellants note in their reply, they never even made an oral motion before the magistrate judge or district court because they thought it would be futile. But it is well established that any expectation of futility is not an excuse for failing to seek preliminary relief, particularly when such an order would be subject to interlocutory review immediately. I don't totally understand this mootness argument. If the claim was you have to remove the building, then we would have to look at each of the statutes and determine whether that remedy is sort of off the table within that statutory scheme. But here, appellants have actually pointed to relief apart from removing a completed building that's available under the respective statutes. Under the LWCFA, it involves the substitute land provided. It involves the use of the building rather than the fact of the building. Under the Coastal Zone Management Act, it may have to do with compliance with the CMP. It may involve steps that don't require the removal of the building. Wouldn't we have to do a pretty granular analysis of all of those things before we could conclude that this is moot? No, Your Honor. Okay. For two reasons. First, appellants did not request any of that relief in their complaint. And the fact that they have suggested possibilities like that on appeal does not help them because those remedies are not tethered to the claims at issue here. The complaint was filed at a time when the building didn't exist, right? So the goal was to say, no, you can't build this. You can't, after the fact, go back and amend your complaint once the court rules and you have a completed building. I understand, Your Honor, which is why my second point is that even the remedies that they suggest in their reply brief here are not tethered to the complaint. As courts routinely recognize under NEPA, for example. NEPA is a set of procedural requirements that federal agencies must go through in order to take into account potential environmental factors when they decide to go forward with a proposal. But NEPA does not provide any requirement of a specific substantive outcome, nor does it provide for any procedural requirements on the back end. And this is why, for example, plaintiffs cannot bring a NEPA lawsuit after a project has been completed. In addition, just to address briefly the Coastal Zone Management Act claim and the Land Act claim, those are funding statutes where any remedy that might be available, again, we contend there's no private right of action as well established, so there is none against the state here. But any remedy would be geared towards funding or denial of funding by the appropriate federal agency. Well, if that's true, right, what that assertion does is it sort of gets us to the merits of whether there's a private right of action and what its scope is, which is sort of skipping beyond. And then maybe if you lose on that, you go back and say it's moot. But that's sort of collapsing mootness with the merits a little bit, isn't it? No, because the problem here is that even the appropriate federal agencies are not before this court. So the court can't provide any meaningful relief here because the final approval at issue in the Land Act or the federal approval at issue for the Coastal Zone Management Program in the CZMA, those are not before the court and the federal agencies that would be relevant here. The court cannot direct any relief against them. So nothing would prevent the plaintiffs, if we were to determine it was moot based upon the complaint they filed, which was to stop the construction of the center, which has been done, nothing would prevent them from initiating another lawsuit to the extent they have added different forms of relief on appeal that they would seek, such as repurposing of the building. They could try to bring another federal action or try to pursue those under state law, right? We're missing something. It should be without prejudice, in other words. If we say it's moot as it relates to the building of the center, which is what this lawsuit started about, it doesn't prevent them from trying to pursue other forms of relief that they're now raising because the center has been built. They have actually raised claims in state court, including tort claims that look at retrospective damages or other things like that. Which are pending. They're pending in the state court. Would there be any federal claims left, though, at this point that they could raise? No, because other than the three at issue here, plaintiffs has expressly abandoned any other federal claims. Do you consider the Article 48, I've been struggling with language. Do you consider the Article 48 claim, which is a state statute that invites challenge to judicial review of state agency action. Do you view that as a state claim, or if one of the bases upon which you seek review is failure to comply with the federal law, does that convert that state law process somehow into a federal claim? Article 78 does not provide an independent cause of action for any proposed federal law violation. And it is in fact a mechanism for jurisdiction in state court to review final state agency actions under state law. And when you're seeking review under final agency action, is it your position that under New York law, an individual couldn't make an argument that a particular state action is invalid because it fails to comply with the inapplicable federal statute? To put it in the context of this case, for example, there's no final state agency action at issue under these federal laws. But in contrast, there was a final state agency determination under the state law analog of NEPA, the State Environmental Quality Review Act. Appellants have challenged under Article 78 that determination in state court, which is pending in the state court. Right, I'm just trying to figure it. It strikes me, I'm surprised by the proposition that substantive federal law is not one of the bases upon which somebody can seek review of a state agency action. The appellant cited pages and pages of cases where people go in, they bring an Article 78 case, and at least one of their claims is that this state agency action runs afoul of governing federal law. And if I'm understanding the breadth of your argument, you're saying that's not available to them either as a matter of, I'm not sure what- Not as a broad principle, but in the context of this case, that's true because they haven't alleged any viable claim under Article 78. But they could allege, to the extent they were alleging some violation of federal law, they could bring an Administrative Procedures Act claim if they're a final agency action, right? That is correct, they could bring an APA claim against the appropriate federal agency for any violation of one of these. But their challenge is against state, I mean, there are all sorts of, especially when we're dealing with environmental regulation, right? There's all sorts of state and federal substantive law that state agencies are obligated to follow. And it strikes me as extremely ordinary to use the state law process for challenging those decisions and to include the violations of the federal substantive law claims within those proceedings. And I'm getting the sense that your argument is no, you can't, the federal, even in a state law process that's designed to give people an opportunity to challenge state law actions, state agency actions, you can't invoke violation of federal law. That's not quite right. Again, so under the federal statutes at issue here, we're dealing with potentially final federal agency actions that may be reviewable under the APA. But for example, the Article 78 proceeding currently at issue in Supreme Court, where appellants are challenging a final state law determination under the state law equivalent of NEPA, that particular final determination could be challenged on various grounds, including, for example, noncompliance with federal law. So one of the claims here, if I understand it, is that the parks agency either did a wrong analysis under the CZMA or the Coastal Zone Management Act, or it failed to do that. Is it your position that in the context of an Article 78 claim, either cast as a mandamus or certiorari, depending on which of those two tracks you take, that the New York courts would dismiss that claim because the Article 78 doesn't allow them to challenge state agency actions relating to the Coastal Zone Management Act? To be clear, plaintiffs have not made that claim below. They tried to make up a theoretical claim like that on appeal. But all that they alleged under the CZMA was that they tried to get a declaration that the state agency would declare that it was against certain policies. But setting that aside, the CZMA claim is, as this court has found, does not provide any private right of action against a state agency. And the appellants here cannot circumvent that by simply calling on Article 78 in order to bring some independent claim based on a violation of the CZMA. So in your view, the only matters that you could invoke in an Article 78 challenge to agency action are those things upon which you could bring a separate private enforcement action? Those two things are coextensive? In the context of this case, yes. If they have some other viable claim on Article 78, that's another story. But they have not stated any claim for review of a final state agency action. Instead, they have only asserted that they should be able to bring an independent cause of action under one of these federal statutes. And Article 78 does not create some sort of free-floating… Sure. So on the question of whether it was brought or not, and I get, I admit, this complaint was not the model of clarity in terms of what claims were against whom, etc. But when you look at the little spreadsheet in the context of the pleadings about the motion to dismiss, they certainly thought that they had brought a claim, not only a direct enforcement claim, a private claim, but an Article 78 appeal under the CZMA. Am I misinterpreting that? They tried to rely on Article 78 in order to bring an independent cause of action under one of these federal statutes, and that is not permitted. Nor have they actually stated some other different viable claim that could be pursued under Article 78, which is why the district court properly dismissed it here. Maybe I'm not understanding. When you say they tried to use Article 78 to bring an independent action, wasn't it an Article 78 review that they were seeking? Or I'm confused about that. Technically, it was a plenary action where it includes some Article 78 claims and some other claims. But I think what may be helpful here is that the federal statutes at issue all focus on a final federal agency action, which is reviewable under the APA, versus there's no final state agency action contemplated in any of these federal statutes. Well, but they require the state, and maybe it's the way it's being framed. The state has to have the CMP, right? They have to have their plan, and then they have to act in accordance with it. If the state fails to comply with its own plan, is that a state law claim for failure to violate the CMP, to comply with the CMP, which in turn sort of undermines the purposes of the CMA, but maybe it's actually a state claim on the CMP? I don't want to state definitively what particular type of state law claim they could make on that basis, but that type of challenge would be a challenge under state law, not under the CZMA, which this court has conclusively stated provides no private right of action against the states. No private right of action means no private right of action, no matter how you bring it. Correct, Your Honor. Go to a state court, it's still a private right of action. Article 78 is still a private right. You're still trying to bring a private right of action? Exactly right, Your Honor, which is what the district court- There's a supremacy clause issue here. Federal laws is supreme over state laws, so you can't use state procedures to get around a federal prohibition. That's correct, Your Honor. That is what the district court reasoned here and why the district court dismissed these claims. Thank you very much, Ms. Greenwald. Thank you. We'll now hear from Mr. Stolarow. Good morning, Your Honors, and may it please the court. Adam Stolarow from Cy Paget and Rizzo on behalf of LIPA, with me today is my colleague Joyce Kung. Appellants have not met their burden of demonstrating that an implied private right of action exists under the Land and Water Conservation Fund Act, which is the only claim against LIPA on appeal. And they can't prove that under Court v. Ash. As the Supreme Court said in Alexander v. Sandoval, statutes that focus on the person regulated rather than on the individuals protected create no implication of an intent to confer rights on a particular class of persons. And that's all we have here. You have a federal statute that tells the federal government and the states what they need to do as grantors and grantees of these funds, but there's no mention in the statute of the beneficiaries or any intent that Congress has shown to create a private remedy, which is the test under Sandoval. Am I right that you're not challenging, you're not raising a mootness argument relative to the LWCFA because there's no private action at all, but you're not saying if there were it would be moot because it's built? That's right, Your Honor. We are only arguing that it is plaintiff's burden to demonstrate that a private right of action exists and that they have not done that and have not even started to come close to what the Second Circuit requires in order to divine that a private right of action exists. So in Davis v. United Airlines, the Second Circuit said it requires a very close, even microscopic examination of the legislative history in order to divine an implied private right of action based on the legislative history alone. And there's just nothing here that the plaintiffs can hold onto to show that Congress intended to create a remedy that they could come into court to enforce. And universally the cases that have looked at this question have found that no private right of action exists. However, the court need not reach that question if you determine that appellants have waived their argument for an implied right of action by failing to raise it in their objections to the R&R. All right. Thank you. Thank you. Okay, Ms. Walters, you have two minutes in rebuttal. Thank you. This claim that you can't bring a NEPA suit after construction is completed, we didn't. We brought it before. So the argument by the government doesn't hold water. It can become moved while the litigation is happening. That's true. I'd like to point out that we are at risk. Have you ever heard for a preliminary injunction? The preliminary injunction, we did request it at paragraph, I believe, 233 in the complaint. We got such a soon date for our hearing for the petition that we put it in the petition itself. So we did request it. We requested a preliminary injunction that that building, that the existing building not be knocked down. So that- You didn't make a separate motion, though. You made, I'm back with the complaint, but there was never a motion for a complaint. There was never a motion, Your Honor. We got a very soon hearing date. So we thought we could argue it well before any construction would take place. So- What do you mean hearing, which hearing date are you referring to? In state court. Okay. Yes, June 26th, something like that. So the other thing that I wanted to point out is that to, in response to LIPA, is that there is a remedy. I just pointed it out in my opening statement, and they're saying that that remedy is not available to us. It's unlike the other cases that they cite. So in, for example, in Aetna, in LIPA's brief on page 23, they confuse incidental beneficiaries with intended beneficiaries. The HMO is incidental, and the consumer of the life insurance is the intended. We are the intended beneficiaries. There is a remedy for us. There is a process which was flouted. And the notion that we didn't point to any agency decision that we're asking the court to review is completely untrue. The Parks Department made a categorical exclusion. That's what we requested the court to review. And the Department of State made a consistency. Although in your complaint, you didn't know that yet, so it was an either or, right? We knew that because they had, unfortunately, the State Parks Department has made this, done this same, committed the same fraud by making categorical exclusions to things that don't apply to them. So we knew that that's what they were doing. And we also knew because there was no, well, we were told there was no federal review. So Department of State made the consistency determination. That's what we're challenging. And Parks also made a consistency certification. That's what we're challenging. It's untrue that we didn't point to that. We pointed to that everywhere. And those were under the Coastal Zone Management Act, those two that you just talked about? Yes, Your Honor. So I would also like to say that the only case that they cite that you can't bring a federal, that those harmed by a capricious state agency determinations have no access to judicial review just because the determination was made under federal law. The only ruling that purports to support such a notion is East Ramapo, and this court should not follow that case. The cases on which it relied were not brought under Article 78. They were not brought in State Supreme Court, and nor could they have been brought under the EPA because they requested damages, they failed the zone of interest test, and they failed to respect the very specialized administrative review procedures of the IDEA. So we cited Advance Refractory v. NYPA. As you noted, I don't want to go through them because you noted that we did cite a whole host of cases. And NYPA is complicit because in the very agreement, oh, one very important point, is that this isn't moot because we could lose the entirety of West End. It's in the conveyance that if any part of it is used for nonrecreational use, it gets revested in the town of Hempstead. So we can lose the land altogether. But that's where I'm struggling with the state versus the federal claim. That's a state law deed violation claim, if you can establish standing, right, that you don't need the LWCFA or whatever the initials are to get that claim. Because that was the genesis of the state law, the deed restriction. But the deed restriction's enforceable independent of the statute, isn't it? It is, but Your Honor, the LWCFA creates a process that protects us. And we're not even allowed to come and ask for that process to be followed. They flouted it. They didn't make a conversion application. They just converted the land. If they tried to do anything else on the West End, that portion is unripe because they haven't tried to do anything more yet. It's not about what? Anything more. There's nothing more. I thought you just said they could take over the whole West End. They could do much more. No, that's not what I mean. What do you mean? I mean the conveyance itself whereby the town of Hempstead gave the land to the people of New York and made the state of New York its custodian states that if any part of that land is used for non-recreational use, that the lawyers have to write papers to revest the land back in Hempstead. The state loses it, and we lose it as part. I'm citing it as non-mootness because our land is at risk. I'm using it as non-mootness. But we deserve the protections of the LWCFA. That's what they're there for. What's the status of the state case right now? What's the status? They filed motions to dismiss, and we opposed, and we're waiting. There's going to be a few hearings. It's not really true that the way that the government had stated it is that we're doing things in the state court after. The only thing that happened in state court was it got whisked away to federal court. That's when we brought the Article 78s. It got whisked away to federal court, and then it was a portion of it, the ones related to the state law. So now you're saying there's a motion to dismiss, and you've responded? Yes. And now hearings have been scheduled, or oral argument has been scheduled? Hearings, yes, so far, yeah. So can I go back to that last point you made on this reversion? Because I want to make sure I understand it. The town, there's a reversionary interest in the town if it's used inconsistent with the public trust doctrine. The elements of that claim aren't necessarily coextensive with the statutory requirements of the LWC. They're exactly the same, Your Honor. They're exactly the same. The deed restrictions of the LWCFA are exactly the same as the deed restrictions in the conveyance. If they were different, we'd still have access to the LWCFA, but they're exactly the same. And there's a process that's very protective. But that matter gets adjudicated as a question of, do you have a claim in the state court action under the public trust doctrine? Yes, it's called parkland alienation. That's the same thing? Okay. And this is a very special and unique case because the state was originally claiming that they can alienate any state parklands because they have the state and they have the deed. And so the district court was wise to send it back to the state court. This is a really, you know, very novel and complex matter of state law. But the protections for the fund-improved land, we are the special intended beneficiaries of the LWCFA. Thank you. Thank you, Ms. Walters. Thank you to both sides. May I say one more thing about the LIPA's request for attorney fees? I'll give you 30 seconds. Okay. If they were to make such a request for attorney fees, they would have to do another separate motion, see rule 38 and the advisory committee notes in the 1994 amendment to that. All right. Thank you. Thank you, Ms. Walters. Thank you for your decision. Have a good day to both sides. Thank you. That completes our argument calendar for today. The last case, Women v. America First v. Mayor Bill de Blasio et al. is on submission. That completes the business of the court. With thanks to Ms. Spear, I'll ask her to adjourn court.